No. 315

HAYES, Admx. v. LINDQUIST et,

Ohio Appeals, 6th Dist., Lucas Co.

Decided March 29, 1926

480. EVIDENCE—Where decedent placed stock in sister's name, the evidence showing that it was done to keep his wife from acquiring same, the sister maintaining control over it and collecting all income during his lifetime, she, nevertheless, cannot claim ownership in same.

914. PERSONAL PROPERTY—Husband may dispose of personal property during lifetime, provided his wife is not a quasi-creditor or is seeking to gain alimony.

First Publication of this Opinion

RICHARDS, J.

This action involves the ownership of two certificates of stock in the Hayes Music Co. The administrator contends that the stock is part of the estate of Paul Hayes deceased, while May Lindquist a sister claims that the decedent gave her part of the stock and that she purchased the rest. The Lucas Common Pleas found for the administrator and from that decision Lindquist appeals. The Court of Appeals held:

1. The decedent was the owner of 83 out of 88 shares of the Company, and he surrendered part of his stock and caused it to be transferred to his sister. It was properly signed, and delivered to her, but was never indorsed by her and continued to stand in her name on the books of the Comapny.

2. Later her brother, the decedent, sent her a check for $1,555 which she deposited along with other funds and later sent a check to her brother as she says in payment of 14 shares of stock in the Company.

3. A stock certificate was then made out to her which she returned and later the stock was issued and stood on the books in her name. She was later made a director. All these stock certificates were kept in a safety deposit box in both his and her name so that either had access thereto. No dividends were ever paid but the decedent drew from the company on the surplus earnings. Lindquist never received anything.

4. The decedent had been having trouble with his wife and several divorce actions were instituted; but a final settlement was effected. Later he sent the petitions in the divorce acions to Lindquist with which he said "if Inez (his wife) wonders why most everything is in yours and John's name, it is because she coerced me into deeding my house to her."

5. A great mass of evidence has been introduced which leaves no room to doubt that all the things done by Hayes were actuated by his wife attempting to procure divorce and alimony.

6. Much evidence was adduced to show that the gift and transfer were never complete and that Lindquist never received any profits and that Hayes always maintained dominion and control over the stock.

7. It is true in a legal sense that a wife has no interest in her husband's personal property during his lifetime, and that he may dispose of it absolutely during his life by sale or gift, and that this does not constitute a legal fraud on her marital rights, unless she occupies the position of a quasi creditor or where she is seking to obtain alimony; but this rule applies only to absolute transfers made to take effect during the husband's life.

8. It does not apply where the transfer is a mere device by which the husband, not parting with the absolute dominion over the property during his life, seeks at his death to deprive his widow of her distributive share in his personal property.

9. The principle that a husband is not permitted to give away his personal property in fraud of his wife's rights is recognized in an opinion by Minshall J., in Doyle v. Doyle, 50 OS. 330.

10. The plan of putting the stock in the name of Lindquist was a mere device and Hayes never parted or intended to part with the stock in question.

Decree for Plaintiff.

(Williams & Young, JJ., concur.)

Attorneys—Fraser, Hiett & Wall and L. W. Storey for Hayes; Boggs & Doty and Allen J. Seney for Lindquist et; all of Toledo.

Note—Former OA. opinion will be found in 4 Abs. 451.